# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**SADIE RUTH THWEATT**                                                          **PLAINTIFF**

**V.**                                                                  **NO. 1:11-CV-009-SA-SAA**

**JOHN D. GRANT, ET AL**                                                  **DEFENDANTS**

## ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE

This cause was originally filed in the Circuit Court of Lee County, Mississippi for personal injuries arising from a car accident between Plaintiff Sadie Ruth Thweatt and Defendant John D. Grant, both residents of Mississippi.[1] Plaintiff is a Medicare beneficiary. A dispute developed between the parties and the Medicare Secondary Payment Contractor over what amount of the Plaintiff's medical expenses were related to the accident and therefore subject to recovery by Medicare in the event of a settlement. The parties filed a "Joint Motion to Join Necessary Party and For Determination of Related Medical Expenses" asking the state court to join the United States Department of Health and Human Services (DHHS) to this action and order it to appear before the court for a hearing to determine what medical treatments undertaken by the Plaintiff were related to the motor vehicle accident. The state court granted the motion. After being served with a summons, the Secretary of DHHS promptly removed the action to this court pursuant to 28 U.S.C. § 1442 and filed a motion to dismiss based on a lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[1] John D. Grant, though named in the Complaint, predeceased the commencement of this action. His estate was substituted as the real party in interest by an agreed order [15].

**DISCUSSION**

*Motion to Dismiss*

The Court finds the Motion to Dismiss to be well taken. Under the principle of sovereign immunity, the United States can only be sued with Congress's consent. Davis v. United States, 597 F.3d 646, 650 (5th Cir. 2009) (citing Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287, 103 S. Ct. 1811, 75 L. Ed. 2d 840 (1983)). The Plaintiff bears the burden of showing Congress's unequivocal waiver of sovereign immunity. Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009) (citations omitted). Plaintiff has failed to do so and instead responds to DHHS's Motion to Dismiss by requesting that "this Court enter an order . . . dismissing or otherwise getting rid of Medicare as a party in interest . . . ." Therefore, the Court GRANTS the Motion to Dismiss [27] and dismisses DHHS from this action for lack of subject matter jurisdiction. See Johnson v. U.S. Dept. of Health and Human Servs., 142 F. App'x 803 (5th Cir. 2005).

*Remand*

On its own motion, the Court remands this action to the Circuit Court of Lee County, Mississippi. Federal jurisdiction in this action was founded on 28 U.S.C. § 1442(a)(1), which permits removal of any action against "[t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof . . . ." If the federal party is dismissed from the suit after removal, this Court retains the power either to adjudicate the underlying state law claims or remand the case to state court. District of Columbia v. Merit Sys. Protection Bd., 762 F.2d 129, 133 (D.C. Cir. 1985); IMFC Prof. Servs. of Fl., Inc. v. Latin American Home Health, Inc., 676 F.2d 152, 160 (5th Cir. 1982). Because this case had been pending in state court for nearly four years prior to removal, and the federal party was eliminated shortly thereafter, the Court believes that a prompt remand to state court will best serve the interests of comity, fairness, and judicial economy.

Therefore, this cause is remanded to the Circuit Court of Lee County, Mississippi.

## CONCLUSION

The Motion to Dismiss [27] is GRANTED and DHHS is dismissed from this action.

Further, this case is REMANDED to the Circuit Court of Lee County, Mississippi.

SO ORDERED this, 21st day of April, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**